# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JOSE D. REYES,
          **Plaintiff,**

      **v.**                                **Case No. 26-C-70**

KATARINA KRAINYK, et al.,
          **Defendants.**

---

## ORDER

Plaintiff Jose D. Reyes, who is incarcerated at the Waupun Correctional Institution and representing himself, filed a civil rights action under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the full filing fee (*in forma pauperis*) under 28 U.S.C. §1915. ECF Nos. 1 & 2. The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was incarcerated when he filed his complaint. *See* 28 U.S.C. §1915(h). Under the PLRA, prisoner-plaintiffs proceeding *in forma pauperis* may pay the statutory filing fee over time. *See* 28 U.S.C. §1915(b)(1), (2). The cost of filing a civil action in federal court is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. The $55.00 administrative fee does not apply to persons granted *in forma pauperis* status.

Under the PLRA, I must assess an initial partial filing fee of twenty percent of the average monthly deposits to Plaintiff's account or average monthly balance in Plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *See* 28 U.S.C. §1915(b)(1). After the initial partial filing fee is paid, Plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *See* 28 U.S.C. §1915(b)(2). The agency having

custody of Plaintiff shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid. *Id.* The amount of the filing fee can be recovered as part of the costs of the action in the event Plaintiff ultimately prevails.

Plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint *See* ECF No. 4. A review of this information reveals that, during this period, the average monthly deposit in Plaintiff's prison account was $114.90 and the average monthly balance to the account was $98.49. Thus, in accordance with the provisions of 28 U.S.C. §1915(b)(1), Plaintiff is required to pay an initial partial filing fee of **$22.98**. No further action will be taken in this case until Plaintiff pays the initial partial filing fee.

The PLRA also provides that, if a prisoner files three or more actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, Plaintiff will be prohibited from bringing any other actions *in forma pauperis* unless Plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. §1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on Plaintiff's ability to bring other actions *in forma pauperis*. Accordingly, Plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under §1915(g).

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must file a letter with the Clerk of Court requesting to voluntarily dismiss the case **by March 20, 2026**. If you write such a letter, this case will

- 2 -

be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g), but you still will owe the $350 filing fee.

Plaintiff is advised that, if the complaint is screened and immediately dismissed because it fails to state a claim upon which relief can be granted or for any other reason, Plaintiff will not receive a refund of the initial partial filing fee. Plaintiff will still be required to pay the entire $350 filing fee and risk incurring a strike.

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff is assessed **$22.98** as an initial partial payment of the $350.00 fee for filing this case. **On or before March 20, 2026**, Plaintiff must submit a check or money order made payable to the Clerk of Court in the amount of $22.98. **If Plaintiff does not have enough money in his regular account to make the initial partial payment, Plaintiff is responsible for making arrangements with authorities to pay the remainder of the initial partial filing fee from Plaintiff's release account. Plaintiff is advised that the language of 28 U.S.C. § 1915(b)(1) suggests that a prisoner's release account may be invaded to satisfy an initial partial filing fee only if insufficient funds are available in his regular account.** *See Carter v. Bennett*, **399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).**

**IT IS FURTHER ORDERED** that, if **by March 20, 2026**, Plaintiff files a letter with the Clerk of Court requesting to voluntarily dismiss the case, the case will be closed without prejudice to Plaintiff filing this case at a later date. Voluntary dismissal will not be counted as a "strike" under §1915(g); however, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff will be required to pay the $350 statutory filing fee.

**IT IS FURTHER ORDERED** that, if **by March 20, 2026**, Plaintiff fails to make the initial partial payment or explain in writing why he is not able to submit the assessed

- 3 -

amount, this case may be dismissed without prejudice based on failure to pay the filing fee.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that no further action will be taken in this case until the deadline for paying the initial partial filing fee has passed.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Milwaukee, Wisconsin this 11th day of February, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

- 4 -