# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JOSE D. REYES,
       **Plaintiff,**

    **v.**
                                  **Case No. 26-C-70**

KATARINA KRAINYK, *et* al.,
       **Defendants.**

---

## ORDER

Plaintiff Jose D. Reyes, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915.  ECF Nos. 1 & 2.  The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner-plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account.  *Id.*  On February 11, 2026, I ordered Plaintiff to pay an initial partial filing fee of $22.98.  ECF No. 6.  Plaintiff paid that fee on February 26, 2026.  Accordingly, I will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee.  He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

On March 27, 2026, Plaintiff filed a motion to amend the complaint and motion to add parties.  ECF No. 9.  Plaintiff did not submit a Proposed Amended Complaint, as required by Civil Local Rule 15(b), and instead asks to supplement the original complaint

with his new filings.  *See id*.  The proper way to add parties and claims to a case is to file an Amended Complaint that contains all of the defendants, facts, and claims Plaintiff wishes to proceed on in one comprehensive document.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998); *see* Fed. R. Civ. P. 15(a); *see* Civ. L. R. 15(a) (E.D. Wis.).  Additionally, under Federal Rule of Civil Procedure 15, Plaintiff may amend the complaint once as a matter of course without the Court's permission.  Fed. R. Civ. P. 15(a)(1).  Therefore, I will deny as unnecessary Plaintiff's motion to amend the complaint and motion to add parties. Plaintiff may file an Amended Complaint as a matter of course on or before **April 30, 2026**.

As a courtesy to Plaintiff, I will enclose a blank prisoner amended complaint form and a *pro se* guide that explains how to properly file an Amended Complaint.  Plaintiff must use that blank prisoner amended complaint form to file his Amended Complaint. *See* Civ. L. R. 9 (E.D. Wis.).  If Plaintiff believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages.  The Amended Complaint should be no more than <u>ten</u> pages total.

Plaintiff is advised that the Amended Complaint must bear the docket number assigned to this case.  The Amended Complaint replaces the prior complaint and must be complete in itself without reference to the original complaint.  *See Duda,* 133 F.3d at 1056–57.  In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

For the reasons stated, **IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint and motion to add parties (ECF No. 9) is **DENIED as unnecessary**. Plaintiff may file an Amended Complaint as a matter of course on or before **April 30, 2026**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from Plaintiff's prison trust account the **$327.02** balance of the filing fee **by collecting payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the clerk of court. The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff,

---

[1] The Prisoner E-Filing Program is mandatory for all prisoners of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

3

who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it.  In addition, the parties must notify the Clerk of Court of any change of address.  Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution.  Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 1st day of April, 2026.


/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge