# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JOSE D. REYES,
          **Plaintiff,**

    **v.**                                      **Case No. 26-C-70**

KATARINA KRAINYK, *et* al.,
          **Defendants.**

---

## ORDER

Plaintiff Jose D. Reyes, who is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his civil rights were violated. ECF Nos. 1 & 12. This order screens his Amended Complaint. ECF No. 12.

## I. SCREENING THE AMENDED COMPLAINT

### A. Federal Screening Standard

The Prison Litigation Reform Act (PLRA) requires me to screen any complaint brought by a prisoner seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I am required to dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states plausible claims for relief.

To state a claim under the federal notice pleading system, Plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to state a claim

that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must give each individual defendant notice of what he or she is accused of saying or doing to violate Plaintiff's rights; when and where the actions or inactions occurred; and the nature and extent of any injury the actions or inactions caused. *Id*.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The complaint's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## B. Plaintiff's Allegations

Plaintiff is a prisoner at the Waupun Correctional Institution. ECF No. 12 at 1. Defendants are Nurse Katarina Krainyk, Nurse Erin Wagner, Sgt. Ward, CO McElroy, CO Vance, John Doe Supervisor # 1, Jane Doe Supervisor #1, CO Staples, Health Services Manager (HSM) Hyland, Assistant Health Services Manager (AHSM) Haseleu, and Institution Complaint Examiner (ICE) Schmude. *Id*.

According to the Amended Complaint, Plaintiff swallowed objects during a suicide attempt and was scheduled to go to the hospital on October 31, 2025 for removal of the objects. *Id*. at 2. On October 30, 2025, the day before the scheduled hospital appointment, a nurse directed Plaintiff to keep his "vitals good" and not eat any food in

2

case he needed surgery to remove the objects. *Id*. On the morning of the scheduled hospital appointment—on October 31, 2025 at around 7:15 a.m.—Nurse Krainyk and CO Vance went to Plaintiff's cell to check his blood sugar. *Id*. Plaintiff explains that he is hypoglycemic, so his blood levels get low and need to be checked, but he doesn't take insulin. *Id*. After checking his blood levels, Nurse Krainyk began preparing an insulin injection. *Id*. Plaintiff stated out loud that he didn't take insulin. *Id*. CO Vance looked at Nurse Krainyk, who refused to address Plaintiff's statement and gave him the insulin injection anyway. *Id*. at 2 & 3.

A few hours later, Plaintiff started to feel light-headed and nauseous, so he talked to CO Vance about how he received an insulin injection even though it was not prescribed for him. *Id*. at 3. CO Vance called Nurse Krainyk, who called Plaintiff to the Health Services Unit (HSU). *Id*. When Plaintiff arrived at HSU, Nurse Krainyk immediately yelled at Plaintiff, "why the fuck did you take insulin?" *Id*. Plaintiff explained that, the previous day, a nurse had told him to keep his "vitals good" for the scheduled hospital appointment and he thought he needed the insulin to keep his vitals good when Nurse Krainyk began preparing the needle. *Id*. He explained that he did not want to mess up his scheduled hospital appointment. *Id*. Nurse Krainyk called the hospital, who directed that Plaintiff be brought into the hospital for monitoring. *Id*. At the hospital, doctors provided treatment for the blood sugar issue and concluded that Plaintiff did not need surgery to remove the swallowed objects. *Id*. Plaintiff returned to the institution sometime between 10:30 a.m. and 11:30 a.m. *Id*. Hospital medical staff gave institution medical staff instructions to monitor Plaintiff every one hour for the first six hours, then every four hours for the next 24 hours. *Id*. at 4.

3

When Plaintiff returned to the institution, he was mad about what happened earlier in the day, so he yelled at Nurse Krainyk that she "could have killed me." *Id*. at 3. Nurse Krainyk responded, "no one cares about what you are saying Reyes." *Id*. at 3 & 4. Plaintiff responded that his family cared. *Id*. at 4. CO Staples witnessed the whole thing then took Plaintiff to his cell in the segregation unit. *Id*. Plaintiff states that John Doe Supervisor #1 and Jane Doe Supervisor #1 did not conduct checks on him between October 31 and November 1, as directed by the hospital. *Id*. at 6.

The next day, on November 1, 2025, Plaintiff told CO McElroy that he felt like his blood sugar was getting low again. *Id*. at 4. CO McElroy said she would call HSU and report back what they said; and he also reported the circumstances to her supervisors. *Id*. This interaction happened at about 8:15 p.m. *Id*. Plaintiff then ate some peanut butter and raisins to keep from passing out. *Id*. Plaintiff does not remember what happened next, but according to CO McElroy's incident report, Plaintiff was left unresponsive in his cell for about 30 minutes, until 8:40 p.m. *Id*. The incident report stated that Sgt. Ward and Nurse Wagner "both look[ed] in on me but provided no medical treatment or even contacted supervisors." *Id*. The incident report noted that the reason Plaintiff was not "pulled out" is because there were no available staff to tend to a medical emergency. *Id*. at 4 & 5. Plaintiff notes that CO Vance's incident report shows that Nurse Krainyk "lied and continues to lie" about the insulin shot incident. *Id*. at 5.

Plaintiff filed numerous inmate complaints and requests about his medical care. *Id*. at 5 & 6. HSM Hyland, AHSM Haseleu, and ICE Schmude resolved these inmate complaints by using incident reports (including the ones noted above), which Plaintiff believes contain "lies" and "false documentation." *Id*. at 5. For example, Nurse Krainyk

4

allegedly reported that she accidently gave Plaintiff insulin because she had him "mixed up with another inmate." *Id*. Plaintiff states that this can't be true because he had told Nurse Krainyk that he didn't take insulin. *Id*. Plaintiff also notes that Nurse Krainyk reported that Plaintiff "never reported symptoms." *Id*. But CO Vance's incident report shows that he reported symptoms 15 minutes later. *Id*. Nurse Krainyk also reported that Plaintiff said, "I didn't actually take the insulin. I squirted it out." *Id*. at 6. Plaintiff states that her statement is false because she administered the medication herself. *Id*. For relief, Plaintiff seeks monetary damages and accountability. *Id*. at 7.

## C. Analysis

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state an Eighth Amendment claim for denial of medical care, Plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id*. (citing *Farmer v. Brennan*, 511

5

U.S. 825, 836-38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). In the prison medical care context, examples of deliberate indifference can include: (1) ignoring a request for medical assistance; (2) refusing to take instructions from a specialist (3) persisting in a course of treatment known to be ineffective; (4) choosing an easier and less efficacious treatment without exercising medical judgment; and (5) delaying in treatment which serves no penological interest. *Petties v. Carter*, 836 F.3d 722, 728-31 (7th Cir. 2016).

Plaintiff alleges that he has low blood sugar, which is an objectively serious medical condition. *See e.g. Hahn v. Walsh*, 762 F.3d 617, 636 (7th Cir. 2014). He alleges that Nurse Krainyk improperly gave him insulin on October 31, 2025 even though he stated that he didn't take insulin; and that CO Vance was present and heard the whole interaction but allowed Plaintiff to receive insulin anyway. As a result, Plaintiff had to go to the hospital. Upon returning from the hospital, John Doe Supervisor #1 and Jane Doe Supervisor #1 did not conduct checks on him, between October 31, 2025 and November 1, 2025, as directed by hospital medical staff. Plaintiff also alleges that, on November 1, 2025, Sgt. Ward and Nurse Wagner both saw that Plaintiff was unresponsive from low blood sugar and failed to provide him with medical care for over 30 minutes. He notes that low blood sugar can be fatal. Based on these allegations, I can reasonably infer that Nurse Krainyk, CO Vance, John Doe Supervisor #1, Jane Doe Supervisor #1, Sgt. Ward, and Nurse Wagner may have been deliberately indifferent towards his serious medical condition. Therefore, Plaintiff may proceed on an Eighth Amendment claim against Nurse Krainyk, CO Vance, John Doe Supervisor #1, Jane Doe Supervisor #1, Sgt. Ward, and

6

Nurse Wagner in connection with the failure to provide proper medical care for his blood sugar levels between October 31, 2025 and November 1, 2025.

I will dismiss CO Staples, CO McElroy, HSM Hyland, AHSM Haseleu, and ICE Schmude from the case, however. Plaintiff's only allegation against CO Staples is that he witnessed an argument between Plaintiff and Nurse Krainyk following the hospital visit then he took Plaintiff to his cell. Plaintiff's only allegation against CO McElroy is that she agreed to call HSU about Plaintiff's low blood sugar then notified her superiors of the situation. I cannot reasonably infer deliberate indifference from either of these allegations. Unlike CO Vance, who heard Plaintiff say that he didn't take insulin and allowed it to be administered anyway, CO Staples and CO McElroy's actions or inactions did not cause Plaintiff any harm. Thus, Plaintiff's allegations against them do not amount to deliberate indifference.

Plaintiff's only allegation against HSM Hyland, AHSM Haseleu, and ICE Schmude is that they ruled on his inmate complaints based on what he believes are "lies" and "false" information. But individuals functioning as complaint examiners are not liable under §1983 for simply doing their jobs and ruling on inmate complaints. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This is true even if Plaintiff disagrees with the information they gathered through their investigation and/or if Plaintiff disagrees with the outcome of the inmate complaint. Indeed, the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened. *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Thus, the "mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens*

*v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  Accordingly, I will dismiss CO Staples, CO McElroy, HSM Hyland, AHSM Haseleu, and ICE Schmude from the case.

## II. CONCLUSION

For the reasons stated, Plaintiff may proceed on an Eighth Amendment claim in connection with allegations that Nurse Krainyk, Nurse Wagner, Sgt. Ward, CO Vance, John Doe Supervisor #1, and Jane Doe Supervisor #1 failed to provide proper medical care for his blood sugar levels between October 31, 2025 and November 1, 2025.

**IT IS ORDERED** that CO McElroy, CO Staples, HSM Hyland, AHSM Haseleu, and ICE Schmude are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that, under an informal service agreement between the Wisconsin Department of Justice and this court, copies of the Amended Complaint and this order are being electronically transmitted to the Wisconsin Department of Justice for service on Nurse Krainyk, Nurse Wagner, Sgt. Ward, and CO Vance.

**IT IS FURTHER ORDERED** that, under the informal service agreement, Nurse Krainyk, Nurse Wagner, Sgt. Ward, and CO Vance shall file a responsive pleading to the Amended Complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 3rd day of June, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

8